Case No. 17-6032, Benny Hodge v. Laura Plappert Oral argument not to exceed 30 minutes per side Mr. Burke for the appellant Good afternoon Good afternoon May it please the court I would ask for five minutes of rebuttal time My name is Dennis Burke and I along with Luke Enon who's behind me represent Benny Hodge today, and I would Like to focus the the argument today on the the penalty phase Strickland claim Now prejudice right on purchase. Yes This is not a case In which the mitigation that was presented in post conviction did not make much of a difference to the sentencing Picture Here because at trial there was no mitigation evidence presented there was only a I believe it's a two-sentence stipulation that Benny was loved by his Family, and he loved his family Including his three children and that he lived in Tennessee However in the in post conviction that evidence that was presented Was significant and that was as the Kentucky Supreme Court described it evidence of Physical and mental abuse That was most severe and unimaginable during his childhood and that in turn resulted in Severe trauma To Benny in which there was testimony in the mitigation that his that his That his childhood was Stunted or his development rather was stunted or are arrested at the age of around six or seven and the other impacts that had or I guess in addition to that would be that he was unable to control his or he had he had a decreased ability to Control his his behavior it impacted his decision-making it impacted his thinking Period although his his IQ is was about average that it impacted his his Thinking it it impacted his ability to Control his emotions such that he could have outbursts of anger, you know explosive outbursts of anger along with other, you know some other some other symptoms such as You know potentially paranoia, etc. All of which he still Possessed at the time of this crime So the Kentucky Supreme Court's Mistake was that Misapplication was it a error of law? What did what did they do wrong under AEDPA? Well, they they did both the Kentucky Supreme Court ruling was both Contrary to and an unreasonable application of how do you what's your contrary to law point? Because it does seem like it's you know, not paying enough attention to his childhood right, so And that of course does go You know much more into the the unreasonable application of yeah I'm just trying to figure out where to focus and so for purposes of Strickland that much like in Williams v. Taylor that it's the Kentucky Supreme Court talked about the standard That they're required to the you know, the weighing process that they were required to engage in which is to say they had to consider the totality of the aggravating evidence and And weigh it against the totality of the mitigating evidence But what they also did is they also added an extra step they created an additional rule in this in this case where Although they talked about that. They also Limited their Consideration of the of the of the childhood abuse unless it was more than or greater than What many or or most male factors and they talk about this many or most male factors have had? Who commit terrible crimes also had terrible childhoods? so in this particular case rather than simply considering the aggravating the totality of the Mitigating evidence versus the aggravating evidence. They didn't start they wouldn't they didn't do that unless somehow it was more than What most or many male factors male factors would experience and then and and the requirements of that? The was that they required some sort of a rationale between the between the crime and the or behind between his Mental disorder and the abuse combined and the and the crime so It is it is and in fact it does so in this case On the strength of the evidence Well, I Think what it when they when they talk about this I I think it's important to consider what they said about the no male factor You know many or many or most male facts other other people who commit, you know, terrible crimes So what they have done is They did And everything you're pointing at in the conclusion paragraph where they're saying look we balance the evidence this evidence isn't unfortunately, this evidence is unique for these types of crimes and None of it is that strong that it relates to why he committed the crime. That seems like a traditional inquiry. That's where I think I'm getting lost. Okay, so I Obviously, I disagree with that that characterization. I think from a reading in the context and again you know, absolutely they they talk about the you know that what the standard is but I think what they made clear is they were Not going to consider that mitigating evidence unless it was something more than what most Offenders would would have experienced they don't they don't say that that's that that's the problem And I also see that you just don't give the Kentucky the Supreme Court the benefit of the doubt You're reading you're reading stuff into their opinion. That's not there Well We know for sure that they're requiring a This this nexus, I know they are not required in nexus. They say they were they have considered all the mitigating evidence and The cases that required Nexus, I think excluded that type of Mitigating evidence and it wasn't considered at all and here they said we have considered all of the mitigated evidence that could have been presented at trial and we have weighed them and after our weighing we determined that it would not have Caused a jury to make a different decision. That's the way I read it. Right and I and I think You know where we are right now is that You know our your take on that and my take are gonna have two different takes Right Well, no, no, I can read you some Supreme Court decisions that say that well The rule is that the that the court needs to apply Well, okay So if you if you if you reach the conclusion that yes that they were that's all they were doing was the weighing Well, then on the purpose for purposes the contrary to clause of 2254. Do you want? Yes, then, of course, that's the case what I'm what I'm suggesting or Saying is that can I just pause right there? I mean judge Griffin's point is we give the benefit of the doubt to the decision below. We don't read it like a statute Why isn't it fair to read it not as some new Nexus legal requirement, but just an application It doesn't leave you without anything. You can still argue a reasonable application, but Well again, I I don't think it does based on my reading of it But you know, I think perhaps that it makes sense to Right and so Is the key language where it says but it offers virtually no rationale for the premeditated cold-blooded murder and Attempted murder. So it's saying that the mitigating evidence in order to be Prejudicial when it's not available at the at the trial has to have shown a rationale IE a nexus yes, and then they go on to talk about and then they immediately from there talk about many of your most male factors have You know have terrible childhoods. So or you know who committed terrible crime. So I think when you Require Well, I think there's much it's much more than a than an observation Your honor that that it makes it more that it makes it more Powerful. I think it is that the court saying that they are not considering this Evidence because it doesn't have that net that rush that Nexus or rationale that they are requiring There's their conclusion then they explain it they say there's no doubt he suffered a horrible childhood If it had been admitted they talk about the PTSD Diagnosis it offered might have explained his substance abuse or perhaps even a crime committed in a fit of rage, but it offered no explanation For the crime itself and that's the way it would have in their mind out balanced perhaps or at least been in the ballpark of Out balancing the aggravating the horrendous nature of the crime as they say sure and I you know, I Will how I You know, I beg to differ on that but I'm not sure that I'm going to you know, I have an argument that's going to convince you So I think I've you know, I think it's at this point. I should address the unreasonable application So Again the as far as unreasonable application goes the of Cleo steps for a lot in In Williams detail well in Strickland, but then explained I guess in Williams v. Taylor regarding capital cases the court is the reviewing court is required to weigh the totality of the of the aggravated or the Mitigating evidence both from trial and from post-conviction and then weigh it against the aggravating evidence and then determine whether or not there is a reasonable probability that One juror would have reached a different result and so in this in this case the Kentucky Kentucky Supreme Court unreasonably applied Strickland by by overweighing The the aggravating evidence and by underweighing or Or really, you know as as a Porter v. McCollum described it just discounted to irrelevancy the mitigating evidence that was presented so No, you're on there may well be a Circumstance where they're where there is just extraordinarily heinous evidence that would that you know, for example, a You know the the the The Boston Marathon bombing for example where You know, there are there are you know many victims, etc But that's not this case that is not even close to this case Well, okay, so as we know from it, you know that the term heinous that is, you know It's overbroad and it's and it's and it's you know, simply that it really has no meaning And that in the in there, you know cases that have addressed that but what for purposes of this You know, the Kentucky Supreme Court goes further and they talk about you know, what that means and so it is considering the Well Not Not no, no, no I'm saying there may be circumstances where you have a that where you have a crime That's so heinous that whatever minute mitigation is, you know, it has been offered that it's overwhelming that it can't possibly get that That is made in the in the first instance by the state court, yes Well, you have to determine yes, I mean necessarily you do Yes, be and here's why because what you have to determine is whether or not they can the state court Determination was an unreasonable application of Strickland and one of the Apple one of the requirements of Strickland is to weigh the aggravating The way we would weigh it in the first instance, but under AEDPA we were supposed to defer to the way the state court weighed it. Well, okay, but to be clear AEDPA and 2254-D1 doesn't say anything about just rubber stamping What the what the state court did? I mean the obligation of this court is to determine Whether or not the weighing that the Kentucky Supreme Court did was reasonable and that's what the what that's what the Supreme Court did in in Porter v. McCollum as they weighed the aggravating evidence They weighed the mitigating evidence and they determined that the state court was unreasonable in its in its application of Strickland Which is which is what happened here And so don't you argue also that Wiggins and Rompia are similar cases where the Supreme Court? Held that there was unreasonable application of Strickland. Yes. Yes. Why is your case? Why is your case like Wiggins and Rompia? Well, so I Mean one of the things we have to do is look at the is look at the evidence that that the what are the findings? that the Kentucky Supreme Court found that that are That aren't right that are that fail to to adequately balance that or to weigh the evidence So for example there in the in the finding as an aggravator The Kentucky Supreme Court said it was aggravating that That the the efforts at rehabilitation had had obviously failed the previous Efforts at rehabilitation obviously failed and that's and that's all they said about that. That's an aggravator. That's that's against well in reality, there was testimony at the in mitigation at the at the post-conviction stage that Benny Hodge never received a moment of treatment or counseling to Rehabilitate him from this trauma resulting in this in this post-traumatic stress disorder as a result of this child abuse He didn't receive it at all so so they grossly overweighed that as an aggravator and then they they didn't consider it at all as a Mitigator because that's the type of that's the type of evidence that goes to you combine the the the severe The most severe and unimaginable which pretty much would be the most severe child abuse Compounded by or which it results in this severe trauma that it impacts his behavior and his ability to Control his behavior and his impulse control and ability to control his temper and then and then you don't treat that That is the type of evidence that a reasonable juror finds Mitigating that goes to the goes to the moral culpability of the defendant and in this particular case the Kentucky Supreme Court just Failed to consider it entirely. That is unreasonable About William because didn't the Supreme Court in Cullen say we shouldn't consider that because it wasn't an Ethnic case and so when we're reviewing state court decisions, and I think their language was Williams offers no guidance with respect to whether a state court is unreasonably determined that prejudice is lacking So what do we do with that sentence and the sentences before it where they explain? Okay, so We know that You're talking about Williams v. Taylor, right? so Williams v. Taylor is a is a 2254 d d1 case where they found that the They were They were because the because justice O'Connor found that it was both an unreasonable It was both contrary to and an unreasonable application of clearly established federal law Did not apply Well The only read the I think the only explanation I would have for that is that certainly 2254 one of it d2 was Applied there, but because at the in Williams v. Taylor Justice O'Connor talked about that unreasonable is different from contrary to but that she did not define or that the court at that point did not define No, but Right right, right, but no, but then justice O'Connor with a sure actually that her concurring opinion was actually controlling as far as the Contrary to in the end Right, and so that's why that right and so I think that's my that's the you know The the explanation for that is that that perhaps is why they said that is that justice O'Connor had not had not Defined or that the court at that point had not defined what unreasonable meant. They just said it's something more than contrary to but if you look at Porter v. McCollum, you know that that isn't the case where they were able to Consider the unreasonable application and they nevertheless found Doesn't Hodge have another death sentence on his head. He does Jackson County, that's correct. You're on and they went through all this with Exactly what you want to have put in actually jury came back against Hodge, right? But that's not that's not so that's not so because there are a couple of important differences there number one there's an aggravator that the that the jury considered in that other case which to say a Conviction for another capital case which is this case and the jury certainly did not have that in front of them in Hodge But more importantly perhaps or just as importantly there was no evidence in that trial Regarding a diagnosis of or there was very little evidence regarding the the childhood abuse There was no diagnosis of post-traumatic stress disorder. There was no discussion or Explanation of what that meant of how that impacted Benny and how that would have impacted the moral his moral culpability and there was no evidence regarding the lack of treatment Did he had it because of course he hadn't been diagnosed the only thing that the judge Rogers has already written up the final word On it and denied the writ right in this court but that has nothing to do with this case because they're they're they're two different cases and the evidence that The it isn't as if Benny waives his right to have a jury decide his the second case Right. So we're talking about the the case that happened in Lesher County The jury did not hear of any of that mitigation evidence and the mitigation evidence that they did hear the Kentucky Supreme Court misapplied Strickland and in in weighing that mitigation evidence and that's why the Evidence Well, except that No judge the power I would disagree strongly that they heard the mitigation evidence they did not there they didn't hear anything about his diagnosis for you know this Correct. They didn't hear anything about that They didn't hear anything about his and and the impact it has about him and they heard very little about the the extent of his of his treatment from his father So mostly what they heard is The you know just his family members and they were in every witness that was there was you know that I don't know how long it was because but the from the transcript was two or three pages of Questions and that was it so it was it was a Significantly different from what was presented in this case, but that's not the only it's important to talk. This isn't the only Unreasonable application that were you know of the of the law that we're talking about the When when the Kentucky Supreme Court talked about that other aggravating evidence they talked about his That he that it was that it was aggravating because he had a history of escapes What they didn't mention is that happened the first one while not counting and were counting Was running away from the juvenile prison because he was beaten because he was being brutalized by the by other inmates and by the authorities the second and the and the he walked away from a minimum security when he was 20 years old and then and went home and then he He did escape from a jail also in his 20s. And again, he went home, but for the next 23 years in Kentucky and then another at least four years while he was in, Tennessee I'm so I see a red light is on so why don't you finish this point? Thank you general rebuttal during that during that Entire time he had no He had he had good behavior in prison He certainly didn't escape because he was in a more structured environment and the Kentucky Supreme Court took zero consideration of that in their in their application of Thank you From the state Afternoon Afternoon May it please the court Matthew Coon for the warden 40 years ago next August Benny Hodge entered a home in the mountains of the eastern Kentucky posing as an FBI agent while in stock while inside the home He sold stole more almost two million dollars and murdered 23 year old Tammy Acker Hodge that stabbed Tammy with such force that the knife the kitchen knife that he used went all the way through her body to the floor as Has already been discussed today. This case arrives here under the deferential standard of review of AEDPA to win relief from his 1986 convictions and sentence Hodge must show an extreme malfunction in Kentucky's criminal justice system Despite that very high bar as we've seen today. Mr. Hodge focuses almost Exclusively on a single sentence in a Kentucky Supreme Court decision from almost 15 years ago But as discussed already today viewed in context that sentence merely shows the Kentucky Supreme Court doing Exactly what the law required of it Balancing all of the evidence the good and the bad for mr To determine whether he established Prejudice under Strickland as Judge Bush has already pointed out the question before the court is not whether you agree With what the Kentucky Supreme Court did the only question before the court under AEDPA is whether any Fair-minded jurist could agree with this Kentucky Supreme Court Balancing of the mitigation proof and the aggravating evidence. The answer to that question is yes, and so the court should affirm There are no questions I want to start by Diagramming the the paragraph of the Kentucky Supreme Court that we've all got in front of us and explaining exactly how I understand What the Kentucky Supreme Court did before I do that I want to agree with you judge Griffin that I think the the state court here gets the benefit of the doubt You mentioned that there are decision after decision after decision and that's no doubt, right? Woodford versus Viscotti is the main one But let's talk about what the Kentucky Supreme Court did as you know to judge the par We had a lot of paragraphs of analysis. They set out the rule of Strickland They quoted it and then for 12 paragraphs They carefully laid out all of the evidence and then they balanced it and all the attention today is focused on that final paragraph And it's got nine separate sentences in it The sixth sentence is the one that everybody's focused on saying that some of the mitigation proof offers virtually no rationale for the premeditation cold-blooded murder I Think mr. Burke said something today that shows how reasonable that was to the Kentucky for the Kentucky Supreme Court to approach it that way He said at the out outset that mr. Hodges PTSD led to explosive outbursts of anger That's one of the things that it cost That is the conduct that sentence that he's focused on is the Kentucky Supreme Court saying that this was not a crime about Explosive outbursts of anger. This was a premeditated crime They told someone the day before that they were going to leave no witnesses They went in they planned this and he stabbed Tammy 12 times with such force that the knife went all the way through the floor This was not an outburst of a crime. And so there's a normal human Someone is unable to control their rage I would I would disagree with that because Initially he initially the evidence was that he initially tried to strangle her and he came back and said she's not dead yet Someone through a kitchen knife the phone had just rung and so were there they were trying to get out of the house before anyone Called them and he stabbed her 12 times so that he wanted them to know that she had died He he wanted to make sure that she had died He later bragged about knowing she was dead because he felt the knife go all the way through her To the floor. So this was not a crime of a fit of rage This was a crime as was admitted by one of the witnesses at trial so that they would leave no victim So no one could identify them. So this was not a crime of rage so I think what the Kentucky Supreme Court is doing here is a very reasonable thing for someone weighing and Balancing the evidence I may have misunderstood Judge Murphy's question but what I took him to be saying was that they had to do this in the sense that if Mitigating evidence does connect you to the crime that really is mitigating So they had to they they couldn't get away with not doing it. That would have been a problem in the other direction But just because they say you can't connect the mitigating evidence the crime doesn't mean they were establishing quote a nexus requirement I may have misunderstood his question, but He right about that. That's exactly right Let me give you two cases that show that they should have done that Williams versus Taylor which judge the part talked about my friend with is one of those cases if you look at the very end of Justice Stevens's opinion on prejudice They fought the Virginia Supreme Court for not Recognizing the connection between the mitigating evidence and the type of crime that was at issue here So yes I think Williams says we have to do to look at this nexus and if you look at and I know this post states the Kentucky Supreme Court's opinion, but the decision of Thornell versus Jones from last term of the US Supreme Court Justice Alito there's found mitigating evidence weak because quote it is not casually connected to the murders That's exactly what the Kentucky Supreme Court said it said we're not we're considering it. We're not hiding from the mitigating evidence. It's powerful That's what they said, but they just said it's not casually connected to the murders And so in our larger balancing analysis We're just going to discount it and I think if you look at that paragraph that we're talking about here Two sentences in front of that sentence the Kentucky Supreme Court Referring to the mid to all of the mitigation proof said quote perhaps this information may have offered insight for the jury providing some Explanation for the career criminal he later became so I think this is the Kentucky Supreme Court that saying part of his mitigation proof in Fact did provide some explanation for the career criminal he later became I think that sentence is proof positive That there's no categorical rule here This is just them turning the evidence over looking at it doing exactly what Strickland requires. They'd already cited the I Think it could potentially be both I do think if if to the extent you're second-guessing the Kentucky Supreme Court's just statement that This was not committed in a fit of rage I think that's a d2 issue an unreasonable determination of facts and to the extent you're questioning How they apply the law of Strickland that is an unreasonable application question So I think it could be both that that argument I don't read that to be pressed here to take to dispute directly what the Kentucky Supreme Court said You know, I'll acknowledge the Kentucky Supreme Court did not hide from this mitigating evidence This is not a case like Williams versus Taylor where the mitigating proof was not discussed. They looked at in the face They said that this is profound evidence They twice chided the lower court for not giving it enough weight But they just did their job as the senator under Strickland and weighed it and said we don't think there's prejudice here And they said that unanimously And so I guess the long and short of it is giving the state court the benefit of the doubt not Fli-specking the court's opinion as this courts in bank just and Rogers versus major said if you do that This is not a contrary to case. Our position is that this is more of an unreasonable application case And I'll point out that there have been two panel opinions so far in this case And that no one has suggested that a fair-minded jurist Could not disagree or could not agree with what the Kentucky Supreme Court unanimously did So I think the unreasonable application part of this is pretty straightforward Judge Moore to address your point about Rompia and Wiggins I do want to discuss those in both of those cases the state court did not engage in Strickland prejudice analysis So there was nothing to defer there So when this US Supreme Court in both of those cases found Strickland prejudice It was de novo and I agree with you judge the part of that colon basically says we you're not doing Double deference under prejudice that it's essentially irrelevant to the prejudice question when EDPA does in fact apply Williams Any Supreme Court cases that have held that it was an unreasonable application? The one that I'm aware of judge Moore is Porter versus McCollum So let me talk about Porter because I think that's probably their best case for unreasonable application I think Porter is Distinguishable for two primary reasons the primary one is that There was a profound amount of positive mitigation evidence What do I mean by positive mitigation evidence the defendant there had served valiantly in Korea? He had been in two battles He received two Purple Hearts and because of that service and because of the violence of the battles that he fought in He his life changed He was a changed man after that and his service of our country was not presented to the senator and in those narrow Circumstances with that overwhelmingly positive mitigation evidence that was That was enough for an unreasonable application of it But the first full paragraph of Porter versus McCollum talks about justice military service and in the key quote of Porter They said our nation has a long tradition of according leniency to veterans in recognition of their service that just Predominated u.s.. Supreme Court's analysis. We don't have anything like that here judge Seiler noted in the first panel opinion. There's not positive Mitigating evidence of this sort here, and so I think on these facts with the type of mitigation proof that we found I don't think we can say that the Kentucky Supreme Court acted unreasonably So is your position then that no matter how? Bad the background and experience of the defendant is You cannot find that a state Supreme Court's Position is unreasonable when they evaluate a horrific Background and say but it doesn't explain why this murder occurred My position is that a fair-minded jurist Could agree with what the Kentucky Supreme Court did listen edpa or its Strickland in particular is fact specific fact-driven Different facts with a different murder that you know if there are two murders or whatever. It's just a context specific Analysis, which is why we have give so much deference to what the state court did I cases like? Harrington versus Richter talk about how general the Strickland standard is and they say so the range of reasonable applications of the law is Substantial and so yes edpa deference applies fully here, but we're applying it to a very general standard This is not a case where the Kentucky Supreme Court was flippant where they didn't consider the evidences I mentioned that we're saying it's irrebuttable unless you were in a horrific war like the Korean War and That service excuses you because obviously the Supreme Court did that in Porter v. McCollum, but otherwise you're saying Everything a state Supreme Court does has to be viewed as Reasonable I don't think I'm going that far. I'm what I'm saying is mr. Burke would have a much better argument if he had positive mitigation evidence that he could analysis analogized to Porter I think Porter's just distinguishable because that was what really drove the per curiam Opinion there. I do think Williams to answer the question earlier Williams versus Taylor is a case without Edpa deference if you  Correct Correct and as I I Unreasonably Or it could be precedent for contrary to which which goes to I think that's right. Yeah, I mean that's What was the Yeah, so if you if you look at the at the end we're at Penn site 398 of Williams versus Taylor They they chided the state court for failing to accord appropriate weight to the body of mitigation evidence available to counsel And they pointed out again. This is at 398 that the mitigating evidence Was consistent with this case that the mitigating evidence so it showed that he acted reacted Compulsively rather than through quote cold-blooded premeditation So this was more of a compulsive crumb going back to my colloquy with with judge Moore It's it is a nexus analysis. That's why I think Quiet Yeah, and the way I agree with that the way I think about this is Williams tells us that mitigating evidence can explain a crime and therefore be positive Thornell from last term tells us that mitigation evidence that does not explain a crime someone can reasonably discount I think they're the same different sides of the same coin Williams though the reason that at the difference wasn't applied there is I think there were two Contrary to errors that were made by the Virginia Supreme Court there And that answers the question about why it's not an at the difference case the the two errors that they talk about are at Penn site 397 and 398 The state Supreme Court mischaracterized the appropriate rule and they failed to consider the totality of the evidence So as judge Griffin noted they considered quote all of the evidence here They walk through paragraph after paragraph after paragraph of analysis. So I do think that Williams Williams shows the Kentucky Supreme Court doing exactly what the law required This is not them creating some rule that that bonds future courts, you know in law school We're taught Iraq issue rule analysis conclusion. They stated the rule at the outset. The rule is Strickland. They quoted it Quoted the right part everybody agrees on that This is just part of the analysis of applying the rule and when we're talking analysis, we're in unreasonable application land The two other cases that That my friend has relied on and these were cited in Justice Sotomayor's dissent in an earlier part of the case So I do want to mention those before I sit down. Those are Smith versus, Texas and tenored versus Dredke And those sort of go there's a long line of cases that saying mitigation evidence can't be constitutionally irrelevant It has to come in the senator has to consider it So I read those cases to say whether a senator gets to to consider mitigation evidence This is how how does a senator consider mitigating evidence? And so I think those those cases are just distinguishable on their own basis their Eighth Amendment cases. They're not Sixth Amendment cases They're not Strickland cases And when we're in a paradigm looking for the Supreme Court to clearly establish a rule Dicta doesn't count the logical next step precedent doesn't count. I don't think Smith versus tenored are relevant There's been a lot of reliance on Justice Sotomayor's dissent Let me make two quick points about that. So the court has all of that there because Justice Sotomayor Adopted something similar to what my friend on the other side adopted when she did that The case was up on appeal from the state post-conviction proceeding So that was of course before at the deference would apply So she was not asking the question this court is which is whether any fair-minded jurist can Can agree with the Kentucky Supreme Court, so she was freer. I think at that point to to criticize what the Kentucky Supreme Court did The second point that I would make is she was less than categorical about what the conduct there was uncertainty I think in her opinion about what the Kentucky Supreme Court did she talked about what it reasonably suggests Again, we're in Edpa land where as Judge Griffin has said the Kentucky Supreme Court gets the benefit of the doubt The prior panel opinion in this case actually was similar similarly Equivocal about what the Kentucky Supreme Court here held at page 7 the court was talking about what the Kentucky Supreme Court Appears to have determined. I just think that that it If there are two views to what the Kentucky Supreme Court did they they get the benefit of the doubt I don't think there are two views But we don't nitpick what state courts did I think the reason I guess this is the last point I'll make if there are no further questions The reason we don't nitpick 40 years later is because the jury decided this courts up and down have looked at this as judge Seiler has noted another Kentucky jury and a Jackson County case has looked at a lot of the same evidence It's not it's not all identical But a lot of the same evidence has and has determined that the death penalty two death sentences in that case for two murders Was in fact appropriate Edpa is to protect against finality We're almost 40 years after Tammy was murdered her sister's here today Attending all of these court proceedings almost four decades later Edpa says the court has to put a stop to this case It's about one sentence 40 years later Finality demands and affirm and I appreciate the court's time Was the the the direct appeal the the prior case that went to the Supreme Court? Was that basically the same issue that we have here absent the book deference? I Think that's right justice Sotomayor's dissent from that Petition for searcher Rory was all focused on the same issue and she did not Issue it only guarded one dissent justice Ginsburg did not join it justice Breyer didn't join it and Who's the other? There's four of them there So she she got it only one one vote on this issue without The epidemics is that significant? I think it is. I think it is I think it shows how weak it is and and it I agree with that sent from a denial of cert, correct That's correct judge some people sometimes do not explain themselves on that and she said explicitly that it was contrary to So you don't have anyone else writing All we know is that the nobody else chose to write and there must not have been four votes to grant sir, correct I think that's what we know One other point that I think ties together What the point that you're making judge Griffin Dunn versus Reeves is a case that we've cited and there the 11th Circuit Basically took one sentence from fact-bound Strickland analysis and they turned it into a categorical rule that went up to the US Supreme Court and in doing that the 11th Circuit relied really heavily on a justice Sotomayor dissent and Dunn versus Reeves and footnote 3 pointed out that when justice Sotomayor had that dissent It was without EDPA applying it which is the exact same point that I'm making here and Dunn versus Reeves is one of the ones That says we give the benefit of the doubt to the state court and and Dunn versus Reeves talks about how it would have been A curious choice those were the words they used for a busy state court to engage in a lengthy Strickland analysis when one sentence would have made the Point that the other side was making was saying was unlawful under EDPA. It's the same point here Why did the Kentucky Supreme Court engage in 12 paragraphs of an analysis when one Senate stating categorical rule would have been enough? That's because they didn't have a categorical rule. They did what Strickland required. They engaged in a careful analysis that considered everything So for all those reasons we'd ask the court to affirm the denial of habeas relief Thank You. Mr. Kuhn. We'll hear from mr. Burke and get some rebuttal Thank you, I don't want to belabor this point but Justice Sotomayor's Dissent on the cert petition went to contrary to so there was no deference there is no deference to the state court regarding that because it's a contrary to if They if the if the state court got the law wrong such that it was contrary to Strickland, then there is no difference But that's not That's really No, it was a it was an appeal from habeas right it was not in it was not in No, no, it was a direct appeal from post conviction pardon from state court from state court Yes, but yeah, but so that's not it. So state, right? It wasn't in Correct my own yes, exactly But my point is that there is no deference to the state court if their ruling is contrary to clearly established federal law. That's Okay, but what I do want to touch on is it are a couple of things one this idea that somehow Porter is Is greatly distinguishable from Benny Hodges case is simply not true That what's what's amazing to me is that the is that the assistant attorney general talked about just 30 seconds earlier Before talking about Porter was about how the Kentucky Supreme Court had taken out We had really taken into consideration all of this mitigating evidence and they had really yes The Kentucky Supreme Court said that it was compelling mitigating evidence and then in the very next sentence says well Port is distinguishable from from Hodge because oh that case had such compelling Mitigating evidence Well, he did that was the distinction he did he did talk about that eventually but It's true that certainly they the court talked about and not because it was necessarily positive but they talked about how how jurors consider the fact that someone has has has has Fought for their country and how that's that's powerful mitigation evidence. But what we also know is that That severe abuse of a child is also powerful mitigating evidence So the idea that one, you know that somehow Porter is is is the outlier is simply not true the other thing I think is really important to To address here. Is that this this idea that the that that's that it was this cold and calculated killing that is that is That is an unreasonable application of Strickland when you weigh the the evidence that was that was presented in the state court So we have the only person providing that evidence is the is Donald Bartley Who's the co-defendant who was doing so because he cut a deal to save his life? That's number one number two some of that evidence that he testified to where for example He claimed there was this there was this plan where they talked about well, you know, Benny, you know you have to take one of them and Benny said oh, I'll take the girl and then the and then Roger Everson a co-defendant said well, then, you know Donnie you have to take the the doctor and that this whole dialogue and he testified how the doctor was right there And he was you know on the floor in front of them and yet dr. Acker testified and he was asked specifically Explicitly. Did you hear any conversation about anything while you were lying on the floor at that period of time? And he said no, so you have this weighing and by the way, of course There was no mention of that in the in the in the state court opinion But if you if you consider that you have that you have this This co-defendant who was who was testifying as his masters wanted him to I eat the prosecution because he wanted to save his life Versus the victim who had zero reason because if anything he would want to talk about they killed his child That he would want to talk. Oh, yes. I heard them talking about that and he testified he was right there He could hear what they said so if you're weighing that that evidence the court gave no weight to the fact that that Donald Bartley's testimony is Is not credible here and he's the only witness who who pointed to? Benny Hodge Committing stabbing and on top of that the last person who was seen That dr. Acker saw with his daughter as he testified a trial was Donald Bartley so another reason for him to try to to try to to put the blame on Benny Hodge and so if we're in and Judge more asked about it whether or not it could be it could have been a in a fit of rage and the answer to that is absolutely yes, because Not only was it was it 12 stab wounds but the knife went through the actually supposedly went through the body and stuck into the floor and there was There was evidence that that again was not considered by the court that this idea that was planned the Court talked about how those they brought in their equipment and they you know in the weapons for this for this planned killing and yet neither one of those the the victim was stabbed with a knife from the kitchen and and the doctor who was who was who survived but who was Attempted to be strangled that was from a from a Curling iron that was on the counter at the house So that is certainly not consistent if they were so intent on destroying I'm sorry in killing the the witnesses and again this evidence Oh, they talked about how they had to leave no evidence behind is only from the from the The co-defendant who had every reason to to satisfy the the Commonwealth's You know, they're they're to keep them happy So when you take when you look mr. Burke, you've gone pretty well over your red light Okay, so let me can I just have a moment? Sure, let me look so I would ask you to consider a few dependent clauses. Okay, I Would ask you consider all of the evidence regarding the the aggravation and the mitigation and realize that the that the Contextually court under weighed when you consider the that it was not this this cold calculated killing that that is described that absolutely that Post-traumatic stress disorder and all of its symptoms played a role in that crime Something that jurors would have considered and that at least one reasonable juror would have reached a different result Thank you very much. Mr. Burke and mr. Kuhn. Mr. Burke. I see you're appointed Thank you for your excellent advocacy and mr. Hodges behalf. It's helpful obviously to him and to us as well So thanks to both of you for your great briefs and answering our questions The case will be submitted and the clerk may call a relatively brief recess